VERUS LAW GROUP, APC
Holly Walker, Bar No.: 178356
Mark N. Strom, Bar No.: 134443
4553 Glencoe Avenue, Suite 390
Marina Del Rey, CA 90292
Telephone: (310) 453-5053
Facsimile: (310) 306-7700
e-mail: holly@veruslawgroup.com

Attorneys for Plaintiff
PREMIER CAPITAL LIMITED LIABILITY COMPANY

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA

| | |
|---|---|
| In re<br><br>FARAMARZ BIJAN KHOUNANI,<br><br>        Debtor.<br><br>_____<br><br>PREMIER CAPITAL LIMITED LIABILITY COMPANY;<br><br>        Plaintiff,<br><br>vs.<br><br>FARAMARZ BIJAN KHOUNANI;<br><br>        Defendant.<br><br>_____ | Case No.: 8:15-bk-14729-TA<br><br>Adv. No.: 8:15-ap-01483-TA<br><br>Chapter 7<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>(Federal Rules of Bankruptcy Procedure 7056 and Federal Rules of Civil Procedure 56 and Local Rules 7056-1)<br><br>[Plaintiff's Statement of Uncontroverted Facts and Conclusions of Law; Request for Judicial Notice; Supporting Declaration and Proposed Summary Judgment are concurrently filed/lodged under separate cover]<br><br>DATE:    May 26, 2016<br>TIME:    11 a.m.<br>PLACE:   Courtroom 5B<br><br>(Assigned to the Honorable Theodor C. Albert) |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTICE that on May 26, 2016, in Courtroom 5B of the United States Bankruptcy Court for the Central District of California, Santa Ana Division, located at 411 W. Fourth Street, Santa Ana, CA 92701, the Court will conduct a hearing on the motion of Plaintiff PREMIER CAPITAL, LLC ("PREMIER") for summary judgment (the "Motion") against Defendant/Debtor FARAMARZ BIJAN KHOUNANI ("KHOUNANI" or "Defendant" or "Debtor") finding that:

1. In the 2003 Adversary Proceeding, entitled Premier Capital LLC v. Faramarz Khounani, Case No. SA-1430-JR (the "2003 Adversary Proceeding"), this Court entered a default judgment against Defendant KHOUNANI and ordered and adjudged that Defendant KHOUNANI be denied discharge on a debt KHOUNANI owed PREMIER based on PREMIER'S adversary complaint, pursuant to 11 U.S.C. §§ 727 (a)(2)(A), 727 (a)(3) and 727 (a)(4)(A) on September 3, 2003.

2. The 2003 Adversary Proceeding involved the identical parties and the identical claims as the instant proceeding; this Court had subject matter jurisdiction and personal jurisdiction in the 2003 Adversary Proceeding; there was a final judgment on the merits; therefore, the 2003 Adversary Proceeding is to be given the effect of claim preclusion in the instant proceeding.

3. Under the doctrines of merger and bar (as incorporated by the doctrine of claim preclusion) all of the claims pled in the 2003 Adversary Proceeding were merged into the Default Judgment, thus foreclosing litigation of matters that should have been raised in that action and that under the doctrine of merger, Debtor is barred from asserting defenses that should have been raised in the prior proceeding.

4. The default judgment entered by this Court in the 2003 Adversary Proceeding is res judicata as to the issue of dischargeability of the debt in the instant proceedings owed by KHOUNANI to PREMIER under §523(a)(10).

5. The indebtedness owed by Defendant KHOUNANI to Plaintiff PREMIER as reflected in the state court judgment entered in the Civil Action by the Orange County Superior Court, Case No. 04CC08581 in the principal amount of $236,544.67 (as renewed) is within the exceptions to discharge of 11 U.S.C. §523(a)(10) and the subject debt is, consequently, nondischargeable and enforceable against Faramarz Bijan Khounani.

**NOTICE IS FURTHER GIVEN** that the Motion is supported by this Notice and the attached Memorandum of Points and Authorities; the concurrently filed Statement of Uncontroverted Facts and Conclusions of Law in Support of the Motion for Summary Judgment; Declaration of Mark N. Strom; Request for Judicial Notice; and such other evidence as may be properly presented to the Court at or before the hearing.

**NOTICE IS FURTHER GIVEN** that the Motion is brought pursuant to Fed.R.Civ.P. 56, and made applicable by Fed.R.Bankr.P. 7056, on the grounds that there is no triable issue of material fact with respect to the Plaintiff's claims for relief.

**NOTICE IS FURTHER GIVEN** that any opposition to the Motion must be in writing, must comply with Local Bankruptcy Rule 7056-1 (c), and must be filed with the Court and served on counsel for Plaintiff not later than 21 days before the hearing on the Motion.

**NOTICE IS FURTHER GIVEN** that, pursuant to Local Bankruptcy Rule 9013-1 (h), the failure to timely file and serve an opposition to the Motion may constitute a wavier of such opposition and may be deemed by the Court to constitute consent to granting the Motion and the entry of judgment against FARAMARZ BIJAN KHOUNANI.

Verus Law Group, APC

Dated: April 1, 2016    By: _____
Holly Walker
Mark N. Strom
Attorneys for plaintiff
PREMIER CAPITAL, LLC,
a Delaware limited liability company

**TABLE OF CONTENTS**

1.  INTRODUCTION .................................................................. 7

2.  STATEMENT OF FACTS ........................................................ 8

3.  LEGAL ARGUMENT ............................................................. 12

    A.  Plaintiff Has Properly Brought This Adversary Proceeding
        Pursuant to Federal Rules of Bankruptcy Procedure,
        Rule 4007(b) and 11 U.S.C. § 523(a)(10) ............................. 12

    B.  Summary Judgment Is Appropriate In This Case ................. 12

        1.  The Applicable Legal Standard .................................. 13

        2.  The Burden of Proof ............................................... 15

    C.  The Debt Owed To Plaintiff By Khounani In The Instant Case Was
        Adjudged Non-Dischargeable in the 2003 Adversary Proceeding .......... 15

    D.  Because The Debt Owed To Plaintiff Was Adjudged Non-Dischargeable
        It Is Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(1) In
        The Instant Case .................................................... 17

4.  CONCLUSION .................................................................. 18

# TABLE OF AUTHORITIES

**Federal Cases:**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................... 14, 15

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .................... 13, 14, 15

*Littlejohn v. U.S.* 321 F.3d 915, 919-920 (9th Cir., 2003) .................... 18

*In re: Staffer*, 306 F.3d 967 (9TH Cir. 2002) .................... 13

*Howard v. Lewis* 905 F.2d 131, 1323 (9th Cir., 1990) .................... 17

*Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1989) .................... 15

*Official Comm. Of Creditors v. Shearson Lehman Bros. Holdings*, 179 BR 902 (1995) .................... 14

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708 (9th Cir. 2001) .................... 17

*Transworld Airlines, Inc. v. American Coupon Exchange, Inc.*, 913 F.2d 676 (9th Cir., 1990) .................... 14

*Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir. 1975) .................... 14

**Federal Authority:**

*Federal Rules of Bankruptcy Procedure*, Rule 4007(b) .................... 13

*Federal Rules of Bankruptcy Procedure*, Rule 7056 .................... 7, 13, 15

*Federal Rules of Civil Procedure*, Rule 56 .................... 13, 14, 16

*Local Bankruptcy Rules*, Rule 7056-1 .................... 7, 15

11 U.S.C. § 523(a)(10) .................... 7, 8, 16, 18

11 U.S.C. § 523 (c) .................... 13

11 U.S.C. § 727 (a)(2)(A) .................... 16, 17

11 U.S.C. § 727 (a)(3) .................... 16, 17

11 U.S.C. § 727 (a)(4)(A) .................... 16, 17

11 U.S.C. § 727 (a)(5) .................... 17

11 U.S.C. § 727 (a)(6) .................... 17

11 U.S.C. § 727 (a)(7) ................................................................. 17

28 U.S.C. § 157(b)(2)(B) ............................................................... 13

**Other Authority:**

Charles A. Wright, et al., *Federal Practice and Procedure* § 2712 (1983) .................... 14

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.

## INTRODUCTION

1. Plaintiff PREMIER CAPITAL, LLC ("PREMIER" or "Plaintiff") brings this adversary proceeding against Defendant FARAMARZ BIJAN KHOUNANI ("KHOUNANI" or "Defendant") because in the instant Chapter 7 case, KHOUNANI seeks a discharge of a state court judgment, which is based on a debt which this Court has previously adjudicated as nondischargeable.

2. On December 31, 2015, Plaintiff PREMIER filed this adversary proceeding pursuant to 11 U.S.C. § 523 (a)(10) seeking non-dischargeability as to a debt owed by Defendant FARAMARZ BIJAN KHOUNANI, as evidenced by a state court money judgment.

3. On or about February 1, 2016, Defendant KHOUNANI filed an Answer.

4. PREMIER obtained a judgment of denial of discharge against KHOUNANI in a previous adversary proceeding arising from a Chapter 7 case filed by KHOUNANI in 2002, concerning a debt owed to Plaintiff by KHOUNANI..

5. Subsequently, Plaintiff PREMIER obtained a money judgment in state court on the debt for which this Court adjudged a denial of discharge in the adversary proceeding related to KHOUNANI's 2002 Chapter 7 case.

6. In the instant Chapter 7 case, KHOUNANI seeks a discharge of the state court money judgment arising from the debt for which this Court has already adjudged a denial of discharge.

7. Plaintiff seeks summary judgment against Defendant KHOUNANI pursuant to *Federal Rules of Bankruptcy Procedure*, Rule 7056 and Local Bankruptcy Rule 7056-1 as follows:

   a. That the debt evidenced by the January 21, 2005, money judgment

entered against KHOUNANI (which was renewed on June 29, 2012 in the principal amount of $236,544.67) be determined to be nondischargeable pursuant to 11 U.S.C. § 523(a)(10) in the instant bankruptcy proceeding and enforceable against KHOUNANI.

2..

### STATEMENT OF FACTS

On September 12, 2002, Defendant KHOUNANI filed in this Court a Voluntary Petition for bankruptcy, case no. SA-02-17086-JR (the "2002 Chapter 7 Case"). (*See*, Plaintiff's Separate Statement of Uncontroverted Facts and Conclusions of Law( "SS") #1). In the 2002 Chapter 7 Case, KHOUNANI filed a Schedule F - Creditors Holding Unsecured Nonpriority Claims, which listed a Bank of America line of credit as claim in the amount of $86,015.00 (the "Bank of America Claim"). (SS #2).

On or about March 21, 2003, PREMIER, as assignee of the Bank of America Claim, filed a Complaint in the 2002 Chapter 7 Case to object to KHOUNANI's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(3), 727(a)(4)(A) and 727(a)(4)(C). The Adversary Proceeding was assigned Case No. SA-1430-JR. (the "2003 Adversary Proceeding". (SS #3). PREMIER's Complaint was based on KHOUNANI's utter lack of documentation regarding his personal finances over the then-previous four years, and further, based on KHOUNANI's fraudulent transfer of a custom built single family residence valued at $2.2 million. (SS #4).

PREMIER alleged in the 2003 Adversary Proceeding that the Bank of America Claim arose from a line of credit in the amount of $100,000.00 obtained from Bank of America on or about February 22, 1999, for a corporate entity for which Defendant KHOUNANI as a executive officer. (SS #5). It was further alleged that Defendant KHOUNANI provided a personal guaranty for said line of credit, based upon a separate personal financial statement showing significant assets, including a custom built single family residence in Laguna Nigel

8

valued at $2.2 million. (SS #6).

PREMIER further alleged in the 2003 Adversary Proceeding that the corporate borrower defaulted on the line of credit and Bank of America made demand on the guarantor, Defendant KHOUNANI. Defendant KHOUNANI failed and refused to make any payments to Bank of America. (SS #7). It was further alleged that on or about May 21, 2002, Bank of America sold, transferred and assigned all of its right, title and interest in said line of credit to Plaintiff herein, PREMIER. (SS #8).

PREMIER alleged in the 2003 Adversary Proceeding, the following facts: in October 1997, KHOUNANI and his then-wife purchased 22762 Skyview, which was an empty lot, located in Laguna Niguel, California. Subsequently, KHOUNANI built a multi-million dollar single-family residence on the site, which was completed in due course. In May 2000, KHOUNANI took out a second mortgage loan on the Skyview property in the amount of $153,000.00 and a third mortgage loan in the amount of $320,000.00. Together with the first mortgage loan, the total encumbrances on the Skyview property as of June, 2000, was approximately $1,573,000.00. (SS #9 and #10).

PREMIER further alleged in the 2003 Adversary Proceeding the following facts: in October 2001, KHOUNANI and his then-wife each executed grant deeds, purporting to transfer each of their interests in the Skyview to Frani Doctorow, who was acting as KHOUNANI's real estate agent. The grant deeds indicated that the value of the property, exclusive of liens and encumbrances, was less than $100.00, and that no additional consideration was received by KHOUNAI or his then-wife. (SS #11 and # 12).

PREMIER further alleged in the 2003 Adversary Proceeding the following facts: in November 2001, Frani Doctorow executed a grant deed purporting to transfer her interest in Skyview property to John Sempre. The grant deed indicated that the transfer tax paid to the county was $3,190.00, which, (based on the documentary transfer tax) indicates that John

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

Sempre paid to Frani Doctorow a total of approximately $3,190,000.00. Thus, the sales proceeds of the property from Frani Doctorow to John Sempre amounted to approximately $1,617,000.00. (SS #13 and # 14).

PREMIER further alleged in the 2003 Adversary Proceeding the following facts: KHOUNANI's transfer of the 22762 Skyview property to Frani Doctorow was, in fact, a sham transaction, and part of a scheme for Debtor to receive the proceeds of the sale of the 22762 Skyview property to John Sempre, in the approximate amount of $1,617,000.00 in a covert manner, so as to avoid his creditors and conceal such proceeds from Debtor's bankruptcy estate. According to this plan, after the filing of his Bankruptcy Petition, KHOUNANI would not be required to account for the sales proceeds of the 22762 Skyview property, which it was alleged, he collected from Frani Doctorow and kept. (SS #15 and #16).

The Summons for 2003 Adversary Proceeding was issued on April 3, 2003 and served on Defendant KHOUNANI by mail on March 27, 2003. KHOUNANI did not file a responsive pleading in the 2003 Adversary Proceeding. (SS #17 and #18). KHOUNANI did not file a timely responsive pleading to the Complaint in the 2003 Adversary Proceeding. (SS #19).

On May 13, 2003, PREMIER filed a Request for Entry of Default as to KHOUNANI, and the clerk's entry of default was entered the on the same date. PREMIER filed a Motion for Default Judgment against KHOUNANI on August 11, 2003. (SS #20). PREMIER filed a Motion for Default Judgment against KHOUNANI in the 2003 Adversary Proceeding on August 11, 2003. (SS #21).

The Court ordered and adjudged that KHOUNANI be denied discharge based on PREMIER's adversary complaint, pursuant to 11 U.S.C. §§ 727 (a)(2)(A), 727 (a)(3) and 727 (a)(4)(A). Notice of Entry of Default Judgment was entered and duly served on September 3, 2003. (SS # 22). Upon application by PREMIER, this Court issued a Notice of Renewal of the Default Judgment on August 22, 2012. (SS #23). The Default Judgment in favor of PREMIER

entered by this Court on September 3, 2003 as to the Bank of America Claim is in full force and effect. (SS #24).

On May 27, 2004, KHOUNANI filed a Motion for Relief from Default Judgment in the 2003 Adversary Proceeding on the grounds: (1) of mistake, inadvertence and excusable neglect; and (2) that Defendant had a valid defense, that Frani Doctorow had breached her fiduciary duty and defrauded him of the sales proceeds in the course of her representing him as his real estate agent. (SS #25).

PREMIER filed an Opposition to the Motion for Relief from Default Judgment on June 23, 2004 on the grounds that *inter alia*: (1) KHOUNANI, in response to a 2004 examination, produced little or no documentation regarding his finances, including no evidence of the fraud allegedly perpetrated against him by Doctorow; and (2) that KHOUNANI failed or refused to pursue any legal remedy against Doctorow for her alleged fraud and breach of fiduciary duty. (SS #26).

A hearing was held on the Motion for Relief from Default Judgment on July 15, 2004. The Court denied the Motion for Relief from Default Judgment. (SS #27).

On August 16, 2004, PREMIER filed a civil action in the Orange County Superior Court against KHOUNANI for breach of contract and related claims based on the Bank of America Claim, which had been purchased by PREMIER, as alleged above (the "Civil Action"). (SS # 28).

On January 21, 2005, a Court Judgment was entered in the Civil Action by the Orange County Superior Court in favor of PREMIER and against *inter alia*, KHOUNANI, jointly and severally, for non-payment of the debt reflected in the Bank of America Claim which was scheduled in KHOUNANI's 2002 Chapter 7 Case. (SS #29).

Upon application by PREMIER, the Orange County Superior Court issued a Notice of Renewal of Judgment on June 29, 2012 in the Civil Action in the principal amount of

$236,544.67. (SS #30).

PREMIER's Judgment in the State Civil Action against KHOUNANI, which reflects the Bank of America Claim, remains unsatisfied in the principal amount of $236,544.67 as of the date of Renewal of Judgment, with interest accruing at the legal rate of 10% per annum. (SS #31).

On September 28, 2015, Defendant KHOUNANI filed the instant Voluntary Petition in this Court for bankruptcy, case no. 8:15-bk-14729-TA. (SS #32).

In the instant Chapter 7 Case, KHOUNANI filed a Schedule F - Creditors Holding Unsecured Nonpriority Claims, which listed PREMIER's Judgment was entered in the Civil Action by the Orange County Superior Court, Case No. 04CC08581 as claim in the amount of $236,544.67 (the "Premier Claim"). (SS #33).

On December 31, 2015, Plaintiff PREMIER CAPITAL LIMITED LIABILITY COMPANY ("PREMIER" or "Plaintiff") filed a Complaint against FARAMARZ BIJAN KHOUNANI, (the "Debtor" or "Defendant" or "KHOUNANI") for Nondischargeability of Debt pursuant to 11 U.S.C. § 523(a)(10) in the instant Chapter 7 case. (SS #34). On February 1, 2016, Defendant KHOUNANI filed an Answer to Plaintiff's Complaint. (SS #35).

The Bank of America Claim is the same debt as the Premier Claim, which ordered and adjudged by this Court that KHOUNANI be denied discharge based on PREMIER's adversary complaint, Case No. SA-1430-JR, pursuant to 11 U.S.C. §§ 727 (a)(2)(A), 727 (a)(3) and 727 (a)(4)(A) on September 3, 2003. (SS #36).

3.

## LEGAL ARGUMENT

**A. Plaintiff Has Properly Brought This Adversary Proceeding Pursuant to FRBP, Rule 4007(b) and 11 U.S.C. § 523(a)(10).**

Under *Federal Rules of Bankruptcy Procedure*, Rule 4007(b), at any time a creditor

may commence a non-dischargeability complaint against a Defendant arising under any section of the Bankruptcy Code other than section 523(c). *See, In re: Staffer*, 306 F.3d 967, 972 (9ᵀᴴ Cir. 2002). Therefore, this is the proper procedure by which Plaintiff may proceed in this matter.

B. <u>Summary Judgment Is Appropriate In This Case.</u>

1. <u>The Applicable Legal Standard.</u>

Summary judgment is warranted when, as in the present case, there is no triable issue as to any material fact, thereby entitling the moving party to judgment as a matter of law. A bankruptcy court's adversary hearing regarding the dischargeability of a debtor's debts is a core proceeding with the meaning of 28 U.S.C. § 157(b)(2)(B). Pursuant to *Federal Rules of Bankruptcy Procedure*, Rule 7056, *Federal Rules of Civil Procedure*, Rule 56, applies in adversary proceedings.

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c) mandates "the entry of summary judgment...upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In cases where the parties do not have the right to a jury trial, and the matter is to be tried by the court, such as the instant case, the court may decide the matter on summary judgment if: (1) the underlying evidence is uncontroverted; and (2) the record on the motion persuades the court that a trial would add nothing to its ability to decide the case, i.e. there are no credibility issues. *Transworld Airlines, Inc. v. American Coupon Exchange, Inc.*, 913 F.2d 676, 684 (9ᵗʰ Cir. 1990).

13

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

The purpose of a summary judgment proceeding is to permit the prompt disposition of actions (1) in which there is no genuine issue of material fact or (2) in which only a question of law is involved. Charles A. Wright, *et al.*, Federal Practice and Procedure § 2712 (1983); *Celotex, supra*, at 325. It is a particularly important tool for the avoidance of unnecessary trials when no genuine issues of material fact have been raised. *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1135-36 (9th Cir. 1975) ; cert. denied, 423 U.S. 1025, 96 S. Ct. 469. The avoidance of unnecessary trials is particularly important in a district like the Central District of California, the busiest bankruptcy court in the nation (based both on the total number of cases and the weighted caseload per judge), where trial time is one of the scarcest resources available. *Official Comm. of Creditors v. Shearson Lehman Bros. Holdings*, 179 BR 902, 905 (Bankr. CD Cal. 1995).

In order to withstand a motion for summary judgment, the opposing party must set forth specific facts establishing that there is a genuine issue of material fact in dispute. *Federal Rules of Civil Procedure*, Rule 56(e). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Further, a genuine issue of material fact in dispute must be a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of the nonmoving party's case with respect to which the nonmoving party has the burden of proof. In the absence of such a factual showing, "the moving party is entitled to a judgment as a matter of law." *Celotex* at 322-323.

Finally, pursuant to *Federal Bankruptcy Rules*, Rule 7056 and Local Bankruptcy Rule, 7056-1(f), in determining any motion for summary judgment or partial summary adjudication, the court may assume that the material facts as claimed and adequately supported by the movant are admitted to exist without controversy, except to the extent that such facts are: (1) Included in the "statement of genuine issues," and (2) Adequately controverted by declaration or other evidence filed in opposition to the motion.

2.  **The Burden of Proof.**

The party moving for summary judgment bears the initial responsibility of informing the court of the basis for its motion. The moving party must point out why no genuine issue of material facts exists for trial. In meeting this burden, the moving party need not negate the opponent's claims. *Celotex* at 323.

Once the moving party meets this burden, the non-moving party must designate specific facts showing that there is a genuine issue for trail. *Id.*, at 324. A mere scintilla of evidence is not sufficient to withstand the motion. *Anderson* at 252. Importantly, the non-moving party must come forward with more persuasive evidence than necessary if the factual context makes the non-moving party's claim implausible. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1989). (When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubts as to the material facts).

C.  **The Debt Owed To Plaintiff By Khounani In The Instant Case Was Adjudged Non-Dischargeable in the 2003 Adversary Proceeding.**

KHOUNANI seeks a discharge in the instant Chapter 7 case for the same debt that he has already been denied a discharge for. It is undisputed that KHOUNANI listed the Bank of America Claim in Schedule F in his 2002 Chapter 7 Case. (SS #36). Defendant KHOUNANI cannot dispute that this Court granted Default Judgment in favor of PREMIER on September

2, 2003 with regard to the Bank of America Claim. This Court ordered and adjudged that KHOUNANI be denied discharge based on PREMIER's adversary complaint in Case No. SA-1430-JR., pursuant to 11 U.S.C. §§ 727 (a)(2)(A), 727 (a)(3) and 727 (a)(4)(A), and Notice of Entry of Default Judgment was entered and duly served on September 3, 2003. (SS #22). Upon application by PREMIER, this Court issued a Notice of Renewal of the Default Judgment on August 22, 2012. (SS #23). The Default Judgment remains fully enforceable. (SS #24).

PREMIER's State Civil Action in the Orange County Superior Court, Case No. 04CC08581, against KHOUNANI for breach of contract and related claims is based on the Bank of America Claim, which had been purchased from Bank of America by PREMIER. (SS # 28).

On January 21, 2005, a Court Judgment was entered in the Civil Action by the Orange County Superior Court in favor of PREMIER and against *inter alia*, KHOUNANI, jointly and severally, for non-payment of the debt reflected in the Bank of America Claim which was scheduled in the original 2002 Chapter 7 bankruptcy filing of the Debtor. This is the debt that is reflected in the instant case, which KHOUNANI has listed on his Schedule F, as Premier Capital court judgment in Orange County Superior Court Case No. 04CC08581. (SS #29).

Upon application by PREMIER, the Orange County Superior Court, Case No. 04CC08581, issued a Notice of Renewal of Judgment on June 29, 2012 in the Civil Action in the principal amount of $236,544.67. (SS #30).

The Judgment in the Civil Action remains unsatisfied in the amount of $236,544.67 as of the date of Renewal of Judgment, with interest accruing at the legal rate of 10% per annum. (SS #31).

///
///

### D. Because The Debt Owed To Plaintiff Was Adjudged Non-Dischargeable It Is Non-Dischargeable Pursuant to 11 U.S.C. § 523(a)(10) In The Instant Case.

A default judgment is considered a final judgment on the merits and is thus effective for the purposes of claim preclusion. *Howard v. Lewis* 905 F.2d 131, 1323 (9th Cir., 1990). 11 U.S.C. § 523(a)(10) provides that a discharge under title 727 of tile 11 does not discharge an individual debtor from any debt that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under title 11 or under the Bankruptcy Act in which the debtor was denied discharge under sections 727(a)(2), (3), (4), (5), (6), or (7) under title 11.

The elements of claim preclusion are: (1) whether the parties are identical or in privity; (2) whether the judgment in the prior action was rendered by a court of competent jurisdiction; (3) whether there was a final judgment on the merits; and (4) whether the same claim or cause of action was involved in both suits. *Owens v. Kaiser Foundation Health Plan, Inc.* 244 F.3d 7908, 713 (9th Cir., 2001).

In the 2003 Adversary Proceeding, Case No. SA-1430-JR, this Court entered a default judgment against Defendant KHOUNANI and ordered and adjudged that Defendant KHOUNANI be denied discharge based on PREMIER's adversary complaint, pursuant to 11 U.S.C. §§ 727 (a)(2)(A), 727 (a)(3) and 727 (a)(4)(A) on September 3, 2003. (SS #22).

The 2003 Adversary Proceeding involved the identical parties and the identical claims as the instant proceeding. This Court had subject matter jurisdiction and personal jurisdiction in the 2003 Adversary Proceeding. There was a final judgment on the merits. Therefore, the 2003 Adversary Proceeding is to be given the effect of claim preclusion in the instant proceeding. (SS #36).

Moreover, under the doctrines of merger and bar (as incorporated by the doctrine of claim preclusion) all of the claims pled in the 2003 Adversary Proceeding were merged into

17

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

the Default Judgment, thus foreclosing litigation of matters that should have been raised in that action. Under the doctrine of merger, Debtor is barred from asserting defenses that should have been raised in the prior proceeding. *Littlejohn v. U.S.* 321 F.3d 915, 919-920 (9th Cir., 2003).

Having contained all the necessary elements to be proven under §523(a)(10), the default judgment entered by this Court in Adversary Proceeding, Case No. SA-1430-JR is res judicata as to the issue of dischargeability of the debt under §523(a)(10). Therefore, the indebtedness owed by Defendant to Plaintiff as reflected in the sate court judgment entered in the Civil Action by the Orange County Superior Court, Case No. 04CC08581 as claim in the amount of $236,544.67 is squarely within the exceptions to discharge of 11 U.S.C. §523(a)(10) and the subject debt is consequently nondischargeable.

### 4.

### CONCLUSION

For all of the foregoing reasons, PREMIER respectfully requests that the court grant summary judgment on its claim and enter a judgment in favor of Plaintiff and against Defendant on Plaintiff's Complaint for Determination of Dischargeability of Debt that the indebtedness owed by Defendant to Plaintiff as reflected in the sate court judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(10).

Respectfully submitted,

Verus Law Group, APC

Dated: April 1, 2016    By: _____
Holly Walker
Attorneys for plaintiff
PREMIER CAPITAL, LLC,
a Delaware limited liability company

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Verus Law Group, APC, 4553 Glencoe Avenue, Suite 390, Marina del Rey, CA 90292

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/06/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Richard A. Marshack (TR)    pkraus@marshackhays.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Robert D. Ebin (Interested party) rebin@manningleaver.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 04/06/2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Theodor C. Albert
U.S. Bankruptcy Court
411 W. Fourth Street, Suite 5085
Santa Ana, CA 92701-4593

Faramarz Bijan Khounani
3625 Banbury Dr., Apt. #21N
Riverside, CA 92505
(The Debtor)

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/06/2016 | Maria Stewart | /s/ Maria Stewart |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                              F 9013-3.1.PROOF.SERVICE