Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address
VERUS LAW GROUP, APC
Holly Walker, Bar No.: 178356
Mark N. Strom, Bar No.: 134443
4553 Glencoe Avenue, Suite 390
Marina del Rey, CA 90292
Telephone: (310) 453-5053
Facsimile: (310) 306-7700
E-mail: holly@veruslawgroup.com

☐ *Individual appearing without attorney*
☒ *Attorney for* Premier Capital, LLC, Plaintiff

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

In re:
FARAMARZ BIJAN KHOUNANI,

Debtor(s).

CASE NO.: 8:15-bk-14729-TA
CHAPTER: 7
ADVERSARY NO.: 8:15-ap-01483-TA

PREMIER CAPITAL LIMITED LIABILITY COMPANY,

Plaintiff(s),

vs.

FARAMARZ BIJAN KHOUNANI,

Defendant.

**NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING RE:** (*title of motion*[1]): PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

PLEASE TAKE NOTE that the order or judgment titled [PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT was lodged on (*date*) 04/06/2016 and is attached. This order relates to the motion which is docket number 8.

[1] Please abbreviate if title cannot fit into text field.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Verus Law Group, APC, 4553 Glencoe Ave., Suite 390, Marina del Rey, CA 90292

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER OR JUDGMENT IN ADVERSARY PROCEEDING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/06/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Richard A. Marshack (TR) pkraus@marshackhays.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Robert D. Ebin (Interested pparty) rebin@manningleaver.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On (*date*) 04/06/2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Theodor C. Albert, U.S. Bankruptcy Court, 411 W. 4th St., Suite 5085, Santa Ana, CA 92701-4593
Faramarz Bijan Khounani, 3625 Banbury Dr., Apt. #21N, Riverside, CA 92505 (The Debtor)

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/06/2016 | Maria Stewart | /s/ Maria Stewart |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**VERUS LAW GROUP, APC**
Holly Walker, Bar No.: 178356
Mark N. Strom, Bar No.: 134443
4553 Glencoe Avenue, Suite 390
Marina Del Rey, CA 90292
Telephone (310) 453-5053
Facsimile (310) 306-7700
e-mail: holly@veruslawgroup.com

Attorneys for Creditor
PREMIER CAPITAL LIMITED LIABILITY COMPANY

**UNITED STATES BANKRUPTCY COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA**

| | |
|---|---|
| In re<br><br>FARAMARZ BIJAN KHOUNANI,<br><br>Debtor.<br><br>PREMIER CAPITAL LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>FARAMARZ BIJAN KHOUNANI,<br><br>Defendant. | **Case No.: 8:15-bk-14729-TA**<br><br>**Adv. No. 8:15-ap-01483-TA**<br><br>**Chapter 7**<br><br>**[PROPOSED] STATEMENT OF UNCONTROVERTERED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Local Rules 7056-1(b)(2)]**<br><br>**Date: May 26, 2016**<br>**Time: 11:00 a.m.**<br>**Place: Courtroom 5B**<br><br>**(Assigned to the Honorable Theodor C. Albert)** |

Plaintiff PREMIER CAPITAL, LLC, a Delaware limited liability company ("PREMIER") hereby submits its proposed statement of uncontroverted facts and conclusions of law pursuant to Local Bankruptcy Rule 7056-1(b)(2):

///

1.

Introduction

The matter before this Court is the motion for summary judgment in the above referenced adversary proceeding wherein plaintiff PREMIER objects to the discharge of a debt owed to Plaintiff by defendant FARAMARZ BIJAN KHOUNANI pursuant to 11 U.S.C. § 523(a)(10), as a debt that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under title 11 or under the Bankruptcy Act in which the debtor was denied discharge under sections 727(a)(2), (3), (4), (5), (6), or (7) under title 11.

2.

Statement of Uncontroverted Facts

Any statement of uncontroverted fact found to more properly to be a conclusion of law is deemed as such.

| Uncontroverted Fact: | Supporting Evidence: |
|---|---|
| 1. On September 12, 2002, Defendant KHOUNANI filed a Voluntary Petition in this Court for bankruptcy, case no. SA-02-17086-JR (the "2002 Chapter 7 Case"). | 1. Request for Judicial Notice ¶ 1 and Exhibit "1" thereto (Voluntary Petition). |
| 2. In the 2002 Chapter 7 Case, KHOUNANI filed a Schedule F - Creditors Holding Unsecured Nonpriority Claims, which listed a Bank of America line of credit as claim in the amount of $86,015.00 (the "Bank of America Claim"). | 2. Request for Judicial Notice ¶ 2 and Exhibit "2" thereto (Schedule F). |
| 3. On or about March 21, 2003, PREMIER, as assignee of the Bank of America Claim, filed a Complaint in the 2002 Chapter 7 Case to object to KHOUNANI's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(3), 727(a)(4)(A) and 727(a)(4)(C). The Adversary Proceeding was assigned Case No. SA-1430-JR. (the "2003 Adversary Proceeding"). | 3. Request for Judicial Notice ¶ 3 and Exhibit "3" thereto [Complaint for Nondischargeability in 2003 Adversary Proceeding]. |

| Uncontroverted Fact: | Supporting Evidence: |
| --- | --- |
| 4. PREMIER's Complaint was based on KHOUNANI's utter lack of documentation regarding his personal finances over the then-previous four years, and further, based on KHOUNANI's fraudulent transfer of a custom built single family residence valued at $2.2 million. | 4. Request for Judicial Notice ¶ 4 and Exhibit "3", ¶14 thereto. |
| 5. PREMIER alleged in the 2003 Adversary Proceeding that on or about February 22, 1999, Defendant KHOUNANI obtained a line of credit in the amount of $100,000.00 from Bank of America for a corporate entity for which KHOUNANI was an executive officer. | 5. Request for Judicial Notice ¶ 5 and Exhibit "3", ¶9 thereto. |
| 6. PREMIER alleged in the 2003 Adversary Proceeding that KHOUNANI provided a personal guaranty for said line of credit, based upon a separate personal financial statement showing significant assets, including a custom built single family residence in Laguna Nigel valued at $2.2 million. | 6. Request for Judicial Notice ¶ 6 and Exhibit "3", ¶10 thereto. |
| 7. PREMIER alleged in the 2003 Adversary Proceeding that the corporate borrower defaulted on the line of credit and Bank of America made demand on the guarantor, KHOUNANI. KHOUNANI failed and refused to make any payments. | 7. Request for Judicial Notice ¶ 7 and Exhibit "3", ¶11 thereto. |
| 8. PREMIER alleged in the 2003 Adversary Proceeding that on or about May 21, 2002, Bank of America sold, transferred and assigned all of its right, title and interest in said line of credit to PREMIER. | 8. Request for Judicial Notice ¶ 8 and Exhibit "3", ¶19 thereto. |

| Uncontroverted Fact: | Supporting Evidence: |
| --- | --- |
| 9. PREMIER alleged in the 2003 Adversary Proceeding, the following facts: in October 1997, KHOUNANI and his then-wife purchased 22762 Skyview, which was an empty lot, located in Laguna Niguel, California. Subsequently, KHOUNANI built a multi-million dollar single-family residence on the site, which was completed in due course. | 9. Request for Judicial Notice ¶ 9 and Exhibit "3", ¶12 thereto. |
| 10. In May 2000, KHOUNANI took out a second mortgage loan on the Skyview property in the amount of $153,000.00 and a third mortgage loan in the amount of $320,000.00. Together with the first mortgage loan, the total encumbrances on the Skyview property as of June, 2000, was approximately $1,573,000.00. | 10. Request for Judicial Notice ¶ 10 and Exhibit "3", ¶12 thereto. |
| 11. PREMIER alleged in the 2003 Adversary Proceeding the following facts: in October 2001, KHOUNANI and his then-wife each executed grant deeds, purporting to transfer each of their interests in the Skyview to Frani Doctorow, who was acting as KHOUNANI's real estate agent. | 11. Request for Judicial Notice ¶ 11 and Exhibit "3", ¶13 thereto. |
| 12. PREMIER alleged in the 2003 Adversary Proceeding the following facts: the grant deeds indicated that the value of the property, exclusive of liens and encumbrances, was less than $100.00, and that no additional consideration was received by KHOUNAI or his then-wife. | 12. Request for Judicial Notice ¶ 12 and Exhibit "3", ¶14 thereto. |

| Uncontroverted Fact: | Supporting Evidence: |
|---|---|
| 13. PREMIER alleged in the 2003 Adversary Proceeding the following facts: in November 2001, Frani Doctorow executed a grant deed purporting to transfer her interest in Skyview property to John Sempre. The grant deed indicated that the transfer tax paid to the county was $3,190.00, which, (based on the documentary transfer tax) indicates that John Sempre paid to Frani Doctorow a total of approximately $3,190,000.00. | 13. Request for Judicial Notice ¶ 13 and Exhibit "3", ¶15 thereto. |
| 14. PREMIER alleged in the 2003 Adversary Proceeding the following facts: thus, the sales proceeds of the property from Frani Doctorow to John Sempre amounted to approximately $1,617,000.00. | 14. Request for Judicial Notice ¶ 14 and Exhibit "3", ¶15 thereto. |
| 15. PREMIER alleged in the 2003 Adversary Proceeding the following facts: KHOUNANI's transfer of the 22762 Skyview property to Frani Doctorow was, in fact, a sham transaction, and part of a scheme for Debtor to receive the proceeds of the sale of the 22762 Skyview property to John Sempre, in the approximate amount of $1,617,000.00 in a covert manner, so as to avoid his creditors and conceal such proceeds from Debtor's bankruptcy estate. | 15. Request for Judicial Notice ¶ 15 and Exhibit "3", ¶16 thereto. |
| 16. PREMIER alleged in the 2003 Adversary Proceeding the following facts: according to this plan, after the filing of his Bankruptcy Petition, KHOUNANI would not be required to account for the sales proceeds of the 22762 Skyview property, which it was alleged, he collected from Frani Doctorow and kept | 16. Request for Judicial Notice ¶ 16 and Exhibit "3", ¶16 thereto. |

| Uncontroverted Fact: | Supporting Evidence: |
| --- | --- |
| 17. The Summons for the 2003 Adversary Proceeding was issued by this Court on April 3, 2003. | 17. Request for Judicial Notice ¶ 17and Exhibit " 4" [Summons of 2003 Adversary Proceeding]. |
| 18. The Summons and Complaint for the 2003 Adversary Proceeding was served on Defendant KHOUNANI by mail on March 27, 2003. | 18. Request for Judicial Notice ¶ 18 and Exhibit "5" [Proof of Service of Summons of 2003 Adversary Proceeding]. |
| 19. KHOUNANI did not file a timely responsive pleading to the Complaint in the 2003 Adversary Proceeding. | 19. Request for Judicial Notice ¶ 19 and Exhibit "6" [Relevant portion of Court's Docket of 2003 Adversary Proceeding showing absence of Answer]. |
| 20. On May 13, 2003, PREMIER filed a Request for Entry of Default as to KHOUNANI in the 2003 Adversary Proceeding and the clerk's entry of default was entered on May 13, 2003. | 20. Request for Judicial Notice ¶ 20 and Exhibit "7" [Request for Entry of Default]. |
| 21. PREMIER filed a Motion for Default Judgment against KHOUNANI in the 2003 Adversary Proceeding on August 11, 2003. | 21. Request for Judicial Notice ¶ 21 and Exhibit "8" [Motion for Default Judgment]. |
| 22. In the 2003 Adversary Proceeding, this Court ordered and adjudged that KHOUNANI be denied discharge based on PREMIER's adversary complaint, pursuant to 11 U.S.C. §§ 727 (a)(2)(A), 727 (a)(3) and 727 (a)(4)(A) on September 3, 2003. | 22. Request for Judicial Notice ¶ 22 and Exhibit "9" [Default Judgment and Notice of Entry of Judgment]. |
| 23. Upon application by PREMIER, this Court issued a Notice of Renewal of the Default Judgment on August 22, 2012. | 23. Request for Judicial Notice ¶ 23 and Exhibit "10" [Renewal of Judgment]. |
| 24. The Default Judgment in favor of PREMIER entered by this Court on September 3, 2003 as to the Bank of America Claim is in full force and effect. | 24. Declaration of Mark N. Strom, ¶ 2. |

| Uncontroverted Fact: | Supporting Evidence: |
| --- | --- |
| 25. On May 27, 2004, KHOUNANI filed a Motion for Relief from Default Judgment in the 2003 Adversary Proceeding on the grounds: (1) of mistake, inadvertence and excusable neglect; and (2) that Defendant had a valid defense, that Frani Doctorow had breached her fiduciary duty and defrauded him of the sales proceeds in the course of her representing him as his real estate agent. | 25. Request for Judicial Notice ¶ 24 and Exhibit "11" [Motion for Relief from Default]. |
| 26. PREMIER filed an Opposition to the Motion for Relief from Default Judgment on June 23, 2004 on the grounds that inter alia: (1) KHOUNANI, in response to a 2004 examination, produced little or no documentation regarding his finances, including no evidence of the fraud allegedly perpetrated against him by Doctorow; and (2) that KHOUNANI failed or refused to pursue any legal remedy against Doctorow for her alleged fraud and breach of fiduciary duty. | 26. Request for Judicial Notice ¶ 25 and Exhibit "12" [Opposition to Motion for Relief from Default]. |
| 27. A hearing was held on the Motion for Relief from Default Judgment on July 15, 2004 in this Court., and the Court denied the Motion for Relief from Default Judgment. | 27. Request for Judicial Notice ¶ 26 and Exhibit "6" [Relevant portion of Court's Docket of 2003 Adversary Proceeding showing denial of Motion for Relief from Default]. |
| 28. On August 16, 2004, PREMIER filed a civil action in the Orange County Superior Court, Case No. 04CC08581, against KHOUNANI for breach of contract and related claims based on the Bank of America Claim, which had been purchased by PREMIER, as alleged above (the "State Civil Action"). | 28. Request for Judicial Notice ¶ 27 and Exhibit "13" [Complaint filed in State Civil Action]. |

| Uncontroverted Fact: | Supporting Evidence: |
| --- | --- |
| 29. On January 21, 2005, a Court Judgment was entered in the Civil Action by the Orange County Superior Court, Case No. 04CC08581, in favor of PREMIER and against inter alia, KHOUNANI, jointly and severally, for non-payment of the debt reflected in the Bank of America Claim; the same debt which was scheduled in KHOUNANI's 2002 Chapter 7 Case. | 29. Request for Judicial Notice ¶ 28 and Exhibit "14" [Notice of Entry of Judgment in State Civil Action]. |
| 30. Upon application by PREMIER, the Orange County Superior Court issued a Notice of Renewal of Judgment on June 29, 2012 in the State Civil Action in the principal amount of $236,544.67. | 30. Request for Judicial Notice ¶ 29 and Exhibit "15" [Renewal of Judgment in State Civil Action]. |
| 31. PREMIER's Judgment in the State Civil Action against KHOUNANI, which reflects the Bank of America Claim, remains unsatisfied in the principal amount of $236,544.67 as of the date of Renewal of Judgment, with interest accruing at the legal rate of 10% per annum. | 31. Declaration of Mark N. Strom, ¶ 3. |
| 32. On September 28, 2015, Defendant KHOUNANI filed the instant Voluntary Petition in this Court for bankruptcy, case no. 8:15-bk-14729-TA. | 32. Request for Judicial Notice ¶ 30 and Exhibit "16" [Voluntary Petition]. |
| 33. In the instant Chapter 7 Case, KHOUNANI filed a Schedule F - Creditors Holding Unsecured Nonpriority Claims, which listed PREMIER's Judgment was entered in the Civil Action by the Orange County Superior Court, Case No. 04CC08581 as claim in the amount of $236,544.67 (the "Premier Claim"). | 33. Request for Judicial Notice ¶ 31 and Exhibit "17" [Schedule F]. |
| 34. On December 31, 2015, Plaintiff PREMIER filed a Complaint against Defendant KHOUNANI for Nondischargeability of Debt pursuant to 11 U.S.C. § 523(a)(10) in the instant Chapter 7 case. | 34. Request for Judicial Notice ¶ 32 and Exhibit "18" [Complaint in 2015 Adversary Proceeding]. |

| Uncontroverted Fact: | Supporting Evidence: |
|---|---|
| 35. On February 1, 2016, Defendant KHOUNANI filed an Answer to Plaintiff's Complaint. | 35. Request for Judicial Notice ¶ 33 and Exhibit "18" [Complaint in 2015 Adversary Proceeding]. |
| 36. The Bank of America Claim is the same debt as the Premier Claim, which debt was ordered and adjudged by this Court that KHOUNANI be denied discharge based on PREMIER's adversary complaint, Case No. SA-1430-JR, pursuant to 11 U.S.C. §§ 727 (a)(2)(A), 727 (a)(3) and 727 (a)(4)(A) on September 3, 2003. | 36. Request for Judicial Notice ¶¶ 1, 2, 3, 21, 22, 27, 28, 30, 31 and 34 and Exhibits respective thereto. |

3.

CONCLUSIONS OF LAW

1. The Court is vested with jurisdiction over this core proceeding pursuant to the provisions of 28 U.S.C. §§ 157(b)(2)(I), (J) and (O).

2. Pursuant to Local Bankruptcy Rule, 7056-1(f), Facts Deemed Admitted. In determining any motion for summary judgment or partial summary adjudication, the court may assume that the material facts as claimed and adequately supported by the movant are admitted to exist without controversy, except to the extent that such facts are: (1) Included in the "statement of genuine issues," and (2) Adequately controverted by declaration or other evidence filed in opposition to the motion.

3. All findings of fact are incorporated by reference as conclusions of law, and all conclusions of law are incorporated by reference as findings of fact.

4. The exclusive issue before the Court is whether the indebtedness owed by Defendant to Plaintiff as reflected in the state court judgment referenced in Plaintiff's Complaint

is within the exceptions to discharge of 11 U.S.C. § 523(a)(10) and, consequently, nondischargeable.

5. A party is entitled to summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c), incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056; see also, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

6. In this adversary proceeding, Plaintiff has the burden of persuasion at trial to prove its claims under 11 U.S.C. § 523(a) by a preponderance of the evidence that the debt owed by Defendant is excepted from discharge. *Grogan v. Garner*, 498 U.S. 279, 291 (1991); 4 Resnick and Sommer, Collier on Bankruptcy, ¶ 523.04 at 523-19 - 523-20 and nn. 16 and 18 (16th ed. 2013).

7. A default judgment is considered a final judgment on the merits and is thus effective for the purposes of claim preclusion. *Howard v. Lewis* 905 F.2d 131, 1323 (9th Cir., 1990).

8. 11 U.S.C. § 523(a)(10) provides that a discharge under title 727 of tile 11 does not discharge an individual debtor from any debt that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under title 11 or under the Bankruptcy Act in which the debtor was denied discharge under sections 727(a)(2), (3), (4), (5), (6), or (7) under title 11.

9. The elements of claim preclusion are: (1) whether the parties are identical or in privity; (2) whether the judgment in the prior action was rendered by a court of competent jurisdiction; (3) whether there was a final judgment on the merits; and (4) whether the same claim or cause of action was involved in both suits. *Owens v. Kaiser Foundation Health Plan, Inc.* 244 F.3d 7908, 713 (9th Cir., 2001).

10. In the 2003 Adversary Proceeding, Case No. SA-1430-JR, this Court entered a default judgment against Defendant and ordered and adjudged that Defendant KHOUNANI be denied discharge based on PREMIER's adversary complaint, pursuant to 11 U.S.C. §§ 727 (a)(2)(A), 727 (a)(3) and 727 (a)(4)(A) on September 3, 2003.

11. The 2003 Adversary Proceeding involved the identical parties and the identical claims as the instant proceeding. This Court had subject matter jurisdiction and personal jurisdiction in the 2003 Adversary Proceeding. There was a final judgment on the merits. Therefore, the 2003 Adversary Proceeding is to be given the effect of claim preclusion in the instant proceeding.

12. Moreover, under the doctrines of merger and bar (as incorporated by the doctrine of claim preclusion) all of the claims pled in the 2003 Adversary Proceeding were merged into the Default Judgment, thus foreclosing litigation of matters that should have been raised in that action. Under the doctrine of merger, Debtor is barred from asserting defenses that should have been raised in the prior proceeding. *Littlejohn v. U.S.* 321 F.3d 915, 919-920 (9th Cir., 2003).

13. Having contained all the necessary elements to be proven under §523(a)(10), the default judgment entered by this Court in Adversary Proceeding, Case No. SA-1430-JR is res judicata as to the issue of dischargeability of the debt under §523(a)(10).

14. The indebtedness owed by Defendant to Plaintiff as reflected in the sate court judgment entered in the Civil Action by the Orange County Superior Court, Case No. 04CC08581 as claim in the amount of $236,544.67 (the "Premier Claim"). is squarely within the exceptions to discharge of 11 U.S.C. §523(a)(10) and the subject debt is, consequently, nondischargeable against Defendant KHOUNANI.

###



Signature by the attorney constitutes a certification under Federal Rules of Bankruptcy Procedure 9011, that the relief in the order is the relief granted by the court.

Submitted by:

Verus Law Group, APC

By: /s/ Holly Walker
Holly Walker
Attorneys for Plaintiff
PREMIER LIMITED LIABILITY COMPANY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 4553 Glencoe Avenue, Suite 390, Marina Del Rey, CA 90292

A true and correct copy of the foregoing document entitled (*specify*): **[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 2, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Richard A. Marshack (TR) pkraus@marshackhays.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
Robert D. Ebin (Interested party) rebin@manningleaver.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On April 2, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Richard A. Marshack (TR), Marshack Hays, LLP, 870 Roosevelt, Irvine, CA 92620**
**United States Trustee (SA), 411 W. Fourth St., Suite 7160, Santa Ana, CA 92701-4593**
**Hon. Theodor C. Albert, U.S. Bankruptcy Court, 411 W. 4th St., #5085, Santa Ana, CA 92701-4593**
**Faramarz Bijan Khounani, 3625 Banbury Dr., Apt. 21N, Riverside, CA 92505 (The Debtor)**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 2, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/06/2016 | Maria Stewart | /s/ Maria Stewart |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** – Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of [date], the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.
**Richard A. Marshack (TR) pkraus@marshackhays.com**
**United States Trustee (RS) ustpregion16.sa.ecf@usdoj.gov**
**Holly Walker, on behalf of Premier Capital, LLC holly@veruslawgroup.com**
**Robert D. Ebin (Interested party) rebin@manningleaver.com**

☐ Service information continued on attached page

2. **SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:
**Faramarz Bijan Khounani, 3625 Banbury Dr., Apt. #21N, Riverside, CA 92505 (The Debtor)**

☐ Service information continued on attached page

3. **TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:
**Faramarz Bijan Khounani, 3625 Banbury Dr., Apt. #21N, Riverside, CA 92505 (The Debtor)**

☐ Service information continued on attached page

.




**Adversary LODGED ORDER UPLOAD FORM**

Wednesday, April 06, 2016

CONFIRMATION :

Your Lodged Order Info:
( **2286137.doc** )
A new order has been added

- **Office**: Santa Ana
- **Case Title**: Premier Capital Limited Liability Company v. Khounani
- **Case Number**: 15-01483
- **Judge Initial**: TA
- **Case Type**: ap ( Adversary )
- **Document Number**: 8
- **On Date**: 04/06/2016 @ 01:46 PM

Thank You!

---

United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street
Los Angeles, CA 90012