**FILED & ENTERED**

**JUN 30 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** steinber **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| | |
|---|---|
| In re | ) Case No.: 8:15-bk-14729-TA |
| FARAMARZ BIJAN KHOUNANI, | ) Adv. No. 8:15-ap-01483-TA |
| Debtor. | ) Chapter 7 |
| | ) **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FILED APRIL 6, 2016** |
| PREMIER CAPITAL LIMITED LIABILITY COMPANY, | ) |
| Plaintiff, | ) Hearing: |
| vs. | ) Date:    June 23, 2016 |
| | ) Time:    10:00 a.m. |
| FARAMARZ BIJAN KHOUNANI, | ) Place:   Courtroom 5B |
| Defendant. | ) (Assigned to the Honorable Theodor C. Albert) |

-1-
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTFF'S MOTION FOR
SUMMARY JUDGMENT FILED APRIL 6, 2016

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FILED APRIL 6, 2016

1. This matter came before the United State Bankruptcy Court for the Central District of California (the "Court"), the Honorable Theodor C. Albert presiding, on May 26, 2016, for hearing on Plaintiff's Motion for Summary Judgment, filed April 6, 2016. Mark N. Strom appeared on behalf of Plaintiff. Defendant Faramarz Bijan Khouanani appeared pro se. No other appearances were made.

2. At the hearing Defendant argued for a continuance of Plaintiff's Motion to allow time for his recently retained attorney to file an opposition to the Motion. Plaintiffs did not object to the continuance and the request for a continuance of the hearing on the Motion was granted and set for June 23, 2016.

3. On June 23, 2016, this matter came before the United State Bankruptcy Court for the Central District of California the Court, the Honorable Theodor C. Albert presiding, for hearing on Plaintiff's Motion for Summary Judgment (the "Motion"), filed April 6, 2016. Mark N. Strom, Esq., appeared on behalf of Plaintiff. Maleha Khan-Avila, Esq., appeared on behalf of Defendant. No other appearances were made.

4. Plaintiff's Motion requests summary judgment on its one cause of action alleging that the indebtedness owed by Defendant to Plaintiff as reflected in a post-petition state court judgment referenced in Plaintiff's Complaint is within the exceptions to discharge of 11 U.S.C. § 523(a)(10) and, consequently, nondischargeable.

5. The following findings of fact, conclusions of law, and order address Plaintiff's Motion for Summary Judgment.

6. The Court, having considered the Motion, the memoranda and declarations submitted in support and in opposition to the Motion, the arguments of counsel, and the record and file herein, and good cause appearing therefor, hereby issues the following findings of fact, conclusions of law, and order:

## I.

## **FINDINGS OF FACT**

7. The Court makes the following findings of fact based on a preponderance of the evidence. To the extent that these findings of fact contain conclusions of law, they shall be considered as such.

8. On September 12, 2002, Defendant FARAMARZ BIJAN KHOUNANI ("KHOUNANI") filed a Voluntary Petition in this Court for bankruptcy, case no. SA-02-17086-JR (the "2002 Chapter 7 Case").

9. In the 2002 Chapter 7 Case, KHOUNANI filed a Schedule F - Creditors Holding Unsecured Nonpriority Claims, which listed a Bank of America line of credit as claim in the amount of $86,015.00 (the "Bank of America Claim").

10. On or about March 21, 2003, Plaintiff PREMIER CAPITAL, LLC, a Delaware limited liability company ("PREMIER"), as assignee of the Bank of America Claim, filed a Complaint in the 2002 Chapter 7 Case to object to KHOUNANI's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(3), 727(a)(4)(A) and 727(a)(4)(C). The Adversary Proceeding was assigned Case No. SA-1430-JR. (the "2003 Adversary Proceeding").

11. PREMIER's Complaint was based on KHOUNANI's utter lack of documentation regarding his personal finances over the then-previous four years, and further, based on

KHOUNANI's fraudulent transfer of a custom built single family residence valued at $2.2 million.

12. KHOUNANI did not file a timely responsive pleading to the Complaint in the 2003 Adversary Proceeding.

13. On May 13, 2003, PREMIER filed a Request for Entry of Default as to KHOUNANI in the 2003 Adversary Proceeding and the clerk's entry of default was entered on May 13, 2003.

14. On August 11, 2003, PREMIER filed a Motion for Default Judgment against KHOUNANI in the 2003 Adversary Proceeding.

15. On September 3, 2003, this Court ordered and adjudged that KHOUNANI be denied discharge based on PREMIER's adversary complaint, pursuant to 11 U.S.C. §§ 727 (a)(2)(A), 727 (a)(3) and 727 (a)(4)(A), n the 2003 Adversary Proceeding.

16 On May 27, 2004, KHOUNANI filed a Motion for Relief from Default Judgment in the 2003 Adversary Proceeding on the grounds: (1) of mistake, inadvertence and excusable neglect; and (2) that Defendant had a valid defense, that Frani Doctorow had breached her fiduciary duty and defrauded him of the sales proceeds in the course of her representing him as his real estate agent.

17. On June 23, 2014, PREMIER filed an Opposition to the Motion for Relief from Default Judgment on the grounds that *inter alia*: (1) KHOUNANI, in response to a 2004 examination, produced little or no documentation regarding his finances, including no evidence of the fraud allegedly perpetrated against him by Doctorow; and (2) that KHOUNANI failed or refused to pursue any legal remedy against Doctorow for her alleged fraud and breach of fiduciary duty.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTFF'S MOTION FOR SUMMARY JUDGMENT FILED APRIL 6, 2016

18.     On July 15, 2004, a hearing was held on the Motion for Relief from Default Judgment in this Court, and the Court denied the Motion for Relief from Default Judgment.

19.     On August 16, 2004, PREMIER filed a civil action in the Orange County Superior Court, Case No. 04CC08581, against KHOUNANI for breach of contract and related claims based on the Bank of America Claim, which had been purchased by PREMIER (the "State Civil Action").

20.     On January 21, 2005, a Court Judgment was entered in the Civil Action by the Orange County Superior Court, Case No. 04CC08581, in favor of PREMIER and against *inter alia*, KHOUNANI, jointly and severally, for non-payment of the debt reflected in the Bank of America Claim; the same debt which was scheduled in KHOUNANI's 2002 Chapter 7 Case.

21.     On June 29, 2012, upon application by PREMIER, the Orange County Superior Court issued a Notice of Renewal of Judgment in the State Civil Action in the principal amount of $236,544.67.

22.     On August 22, 2012, upon application by PREMIER, this Court issued a Notice of Renewal of the Default Judgment.

23.     The Default Judgment in favor of PREMIER entered by this Court on September 3, 2003 as to the Bank of America Claim is in full force and effect.

24.     PREMIER's Judgment in the State Civil Action against KHOUNANI, which reflects the Bank of America Claim, remains unsatisfied in the principal amount of $236,544.67 as of the date of Renewal of Judgment, with interest accruing at the legal rate of 10% per annum.

25.     On September 28, 2015, Defendant KHOUNANI filed the instant Voluntary Petition in this Court for bankruptcy, case no. 8:15-bk-14729-TA.

26. In the instant Chapter 7 Case, KHOUNANI filed a Schedule F - Creditors Holding Unsecured Nonpriority Claims, which listed PREMIER's Judgment was entered in the Civil Action by the Orange County Superior Court, Case No. 04CC08581 as claim in the amount of $236,544.67 (the "Premier Claim").

27. On December 31, 2015, Plaintiff PREMIER filed a Complaint against Defendant KHOUNANI for Nondischargeability of Debt pursuant to 11 U.S.C. § 523(a)(10) in the instant Chapter 7 case.

28. On February 1, 2016, Defendant KHOUNANI filed an Answer to Plaintiff's Complaint.

29. The Bank of America Claim is the same debt as the Premier Claim, which debt was ordered and adjudged by this Court that KHOUNANI be denied discharge based on PREMIER's adversary complaint, Case No. SA-1430-JR, pursuant to 11 U.S.C. §§ 727 (a)(2)(A), 727 (a)(3) and 727 (a)(4)(A) on September 3, 2003.

## II.

## **CONCLUSIONS OF LAW**

The Court, based upon the findings above, makes the following conclusions of law. To the extent that these conclusions of law contain findings of fact, they should be considered as such.

1. The Court is vested with jurisdiction over this core proceeding pursuant to the provisions of 28 U.S.C. §§ 157(b)(2)(I), (J) and (O).

2. Pursuant to Local Bankruptcy Rule, 7056-1(f), Facts Deemed Admitted. In determining any motion for summary judgment or partial summary adjudication, the court may assume that the material facts as claimed and adequately supported by the movant are admitted

to exist without controversy, except to the extent that such facts are: (1) Included in the "statement of genuine issues," and (2) Adequately controverted by declaration or other evidence filed in opposition to the motion.

3. The exclusive issue before the Court is whether the indebtedness owed by Defendant to Plaintiff as reflected in the state court judgment referenced in Plaintiff's Complaint is within the exceptions to discharge of 11 U.S.C. § 523(a)(10) and, consequently, nondischargeable.

4. A party is entitled to summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(c), incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056; see also, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

5. In this adversary proceeding, Plaintiff has the burden of persuasion at trial to prove its claims under 11 U.S.C. § 523(a) by a preponderance of the evidence that the debt owed by Defendant is excepted from discharge. *Grogan v. Garner*, 498 U.S. 279, 291 (1991); 4 Resnick and Sommer, Collier on Bankruptcy, ¶ 523.04 at 523-19 - 523-20 and nn. 16 and 18 (16th ed. 2013).

6. 11 U.S.C. § 523(a)(10) provides that a discharge under title 727 of tile 11 does not discharge an individual debtor from any debt that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under title 11 or under the Bankruptcy Act in which the debtor was denied discharge under sections 727(a)(2), (3), (4), (5), (6), or (7) under title 11.

7. The elements of claim preclusion are: (1) whether the parties are identical or in privity; (2) whether the judgment in the prior action was rendered by a court of competent jurisdiction; (3) whether there was a final judgment on the merits; and (4) whether the same claim or cause of action was involved in both suits. *Owens v. Kaiser Foundation Health Plan, Inc.* 244 F.3d 7908, 713 (9th Cir., 2001).

8. A default judgment is considered a final judgment on the merits and is thus effective for the purposes of claim preclusion. *Howard v. Lewis* 905 F.2d 131, 1323 (9th Cir., 1990).

9. In the 2003 Adversary Proceeding, Case No. SA-1430-JR, this Court entered a default judgment against Defendant and ordered and adjudged that Defendant KHOUNANI be denied discharge based on PREMIER's adversary complaint, pursuant to 11 U.S.C. §§ 727 (a)(2)(A), 727 (a)(3) and 727 (a)(4)(A) on September 3, 2003.

10. The 2003 Adversary Proceeding involved the identical parties and the identical claims as the instant proceeding. This Court had subject matter jurisdiction and personal jurisdiction in the 2003 Adversary Proceeding. There was a final judgment on the merits. Therefore, the 2003 Adversary Proceeding is to be given the effect of claim preclusion in the instant proceeding.

11. Having contained all the necessary elements to be proven under §523(a)(10), the default judgment entered by this Court in Adversary Proceeding, Case No. SA-1430-JR is res judicata as to the issue of dischargeability of the debt under §523(a)(10) in the instant case.

## **ORDER**

Pursuant to the foregoing Findings of Facts and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion for Summary Judgment, filed April 6, 2016, is GRANTED. The tentative ruling of the Court is

adopted as the final ruling. A copy of the Court's tentative ruling is attached hereto as Exhibit "1";

IT IS FURTHER ORDERED that the indebtedness owed by Defendant to Plaintiff as reflected in the state court judgment entered in the Civil Action by the Orange County Superior Court, Case No. 04CC08581 as claim in the amount of $236,544.67 (the Premier Claim). is within the exceptions to discharge of 11 U.S.C. §523(a)(10) and the subject debt is, consequently, nondischargeable against Defendant KHOUNANI.

###

Date: June 30, 2016

_____
Theodor C. Albert
United States Bankruptcy Judge

Main Document    Page 10 of 15

# EXHIBIT "1"

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Judge Theodor Albert, Presiding
### Courtroom 5B Calendar

**Thursday, June 23, 2016**　　　　　　　　　　　　　　　　　　　**Hearing Room　5B**

**10:00 AM**
**8:15-14729　　Faramarz Bijan Khounani**　　　　　　　　　　　　　　　　**Chapter 7**
Adv#: 8:15-01483　　Premier Capital Limited Liability Company v. Khounani

#15.00　　Plaintiff's Motion For Summary Judgment
　　　　　(con't from 5-26-16)

　　　　　　　　　　　Docket　　8

**Tentative Ruling:**

　　Tentative for 6/23/16:
　　　　The court in it tentative decision for the 5/26 hearing (which is incorporated herein) explained why there are no material issues and plaintiff is indeed entitled to summary judgment. A continuance was allowed so that counsel recently retained could argue on behalf of the debtor. But in the opposition debtor clearly has missed the point. Debtor argues for some different result based upon the fact that the state court judgment entered in 2004 was based on breach of contract and other claims not normally non-dischargeable such as fraud under §523(a)(2). Also, debtor tries to make an issue of the fact that the amount differs from the amount of debt scheduled in the 2002 Chapter 7 bankruptcy. But none of this matters. The fact is that debtor was denied a *discharge generally* in the 2002 case under §§727 (a)(2)(A), 727(a)(3) and 727(a)(4)(A). Under the operation of §523(a)(10) any such debt that could have been scheduled, whether or not of a character normally non-dischargeable under §523(a)(2), is non-dischargeable *forever more*. There does not appear to be any real question that there really is only one debt and it is the same one that was the subject both of the 2003 adversary proceeding as well as the 2004 state court action, plus accrued interest, costs, etc. So, irrespective of its character it is non-dischargeable under §523 (a)(10).

　　　*Grant*

　　------------------------------------------------------------

　Tentative for 5/26/16:

　　　　There are no genuine issues of material facts here. Pursuant to section 523(a)(10), a debt that was or could have been listed or scheduled by the debtor in a prior case in which the debtor was denied a discharge under section 727(a)(2), (3), (4), (5),

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Theodor Albert, Presiding
Courtroom 5B Calendar

Thursday, June 23, 2016                                                                                       Hearing Room        5B

10:00 AM
**CONT...**      **Faramarz Bijan Khounani**                                                                                Chapter 7

(6), or (7) is not dischargeable. This case involves the exact situation described by section 523(a)(10). Debtor scheduled the Bank of America claim in the 2002 Bankruptcy and was denied a discharge under section 727(a)(2)(A), (a)(3) and (a)(4)(A) in that case. Plaintiff, as the assignee of Bank of America, obtained a judgment based on the claim and Debtor has scheduled that judgment in the current bankruptcy. The judgment is based on the same debt that was scheduled in the 2002 Bankruptcy, and under section 523(a)(10) is nondischargeable. See *Jeffries v. Buckely (In re Buckley),* 404 B.R. 877 (Bankr. S.D. Ohio 2009). Therefore, summary judgment should be granted.

*Grant*

| Party Information |
|---|

**Debtor(s):**

Faramarz Bijan Khounani                              Pro Se

**Defendant(s):**

Faramarz Bijan Khounani                              Pro Se

**Plaintiff(s):**

Premier Capital Limited Liability                    Represented By
                                                     Holly Walker

**Trustee(s):**

Richard A Marshack (TR)                              Pro Se

Richard A Marshack (TR)                              Pro Se

**U.S. Trustee(s):**

United States Trustee (SA)                           Pro Se

|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | Signature by the attorney constitutes a certification under Federal Rules of Bankruptcy Procedure 9011, that the relief in the order is the relief granted by the court. |
| 21 | |
| 22 | |
| 23 | Submitted by: |
| 24 | Verus Law Group, APC |
| 25 | By: /s/ Holly Walker |
| 26 | Holly Walker<br>Attorneys for Plaintiff<br>PREMIER LIMITED LIABILITY COMPANY |
| 27 | |
| 28 | |

-10-

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTFF'S MOTION FOR SUMMARY JUDGMENT FILED APRIL 6, 2016

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2623 W. Manchester Blvd., Inglewood, CA 90305

A true and correct copy of the foregoing document entitled (*specify*): **FINDING OF FACTS, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 2, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Richard A. Marshack (TR)    pkraus@marshackhays.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Robert D. Ebin (Interested party)   rebin@manningleaver.com
Zulu Ali, Esq., (attorney for debtor) zulu.a.ali@att.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On April 2, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
**Richard A. Marshack (TR), Marshack Hays, LLP, 870 Roosevelt, Irvine, CA 92620**
**United States Trustee (SA), 411 W. Fourth St., Suite 7160, Santa Ana, CA 92701-4593**
**Hon. Theodor C. Albert, U.S. Bankruptcy Court, 411 W. 4th St., #5085, Santa Ana, CA 92701-4593**
**Zulu Ali, Esq., 2900 Adams St., Suite C 13, Riverside, CA 92504 (attorney for debtor)**
**Faramarz Bijan Khounani, 3625 Banbury Dr., Apt. 21N, Riverside, CA 92505 (The Debtor)**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 2, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Hon. Theodor C. Albert, U.S. Bankruptcy Court, 411 W. 4th St., #5085, Santa Ana, CA 92701-4593**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/27/2016 | Maria Stewart | /s/ Maria Stewart |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

-11-
FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTFF'S MOTION FOR SUMMARY JUDGMENT FILED APRIL 6, 2016

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
was entered on the date indicated as "Entered@ on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of [date], the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.
**Richard A. Marshack (TR) pkraus@marshackhays.com
United States Trustee (RS) ustpregion16.sa.ecf@usdoj.gov
Holly Walker, on behalf of Premier Capital, LLC, holly@veruslawgroup.com
Robert D. Ebin (Interested party) rebin@manningleaver.com
Zulu Ali, Esq., (attorney for debtor) zulu.a.ali@att.net**

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:
**Faramarz Bijan Khounani, 3625 Banbury Dr., Apt. #21N, Riverside, CA 92505 (The Debtor)**

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:
**Faramarz Bijan Khounani, 3625 Banbury Dr., Apt. #21N, Riverside, CA 92505 (The Debtor)**

☐ Service information continued on attached page
.